UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

REGINALD ANDERSON, )
)
    Plaintiff, )
)
v. ) No. 3:21-CV-143-KAC-HBG
)
TONY PARKER, BILL HASLAM, MIA )
PARKER, INTERNAL AFFAIRS, NICKY )
JORDAN, and JASON ROGERS, )
)
    Defendants. )

**MEMORANDUM OPINION**

Plaintiff, a former prisoner of the Tennessee Department of Correction and current prisoner of the Anderson County Detention Facility, has filed a pro se complaint for an alleged violation of 42 U.S.C. § 1983 [Doc. 1], amended complaint[1] [Doc. 6], and motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED**.

**I.    FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* that he is unable to pay the filing fee, this motion [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate of the Anderson County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will

---

[1] The Court construes Plaintiff's amended complaint as a request for leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which is **GRANTED** to the extent that the Court will now screen the amended complaint to determine whether it states a claim upon which relief may be granted under Section 1983, as it "'supersedes [the] earlier complaint for all purposes.'" *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013)).

be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff's claim for violation of 42 U.S.C. § 1983 requires him to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

### B. Allegations

In his amended complaint [Doc. 6], Plaintiff alleges that, beginning in 2016, the state "ran mind games" through the Tennessee State Department, that this has happened "every second" since July 18, 2018, and that the games are "about suicide and lawsuits for [his] death to makers and manufacturers of [a] brain computer [he] was put on illegally without consent" [*Id.* at 4]. According to Plaintiff, these mind games continued when he "arriv[ed] in society on April 1st 2019," at which point the mind games were about having his family file a lawsuit for his death [*Id.*].

Plaintiff further claims that Defendant Tony Parker put him on a computer without him knowing it and that he was "sent to Northwest" for mind games about suicide to make a lawsuit [*Id.*]. Plaintiff additionally asserts that, in 2016, the mind games were played to stop him from leaving, and in 2017, they were about a "drug program to send [him] to Northwest to die" [*Id.*]. Plaintiff also states that he "was tortured using a brain computer for suicide for [three] straight
3

years" [*Id.*]. Plaintiff claims that Defendant Mia Parker set up these mind games in 2016, when her dad arrived at the State Department as a Commissioner, and that the mind games belong to Defendants Mia Parker and Tony Parker, but state police are also involved [*Id.*].

Plaintiff additionally believes his signature was forged at Northwest because "disciplinaries were made up on 5-16-18 1233 to practice handwriting and money was being stolen from [his] accounts" [*Id.* at 5]. According to Plaintiff, the "state has wrecked everything [he] has done since July 18, 2018 and made several arrest[s] behind [him]" [*Id.*]. Also, the State of Tennessee and state police have manufactured charges against him to "bring [him] to the county jail to use [a] computer to keep [him] from sleeping to force suicide," which all police allegedly know [*Id.*]. Plaintiff further states that his mother and Nicky Jordan were involved in filing his lawsuit, consistent with the state's alleged plan [*Id.*].

**C. Analysis**

First, to the extent Plaintiff alleges that Defendants Tony Parker and Mia Parker have committed any acts against him within the last year, including allegations of torture, mind games, and putting Plaintiff on a computer, those allegations are delusional and rise to the level of "irrational" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Accordingly, they fail to state a claim upon which relief may be granted under Section 1983.

Also, Plaintiff's claims arising out of acts that occurred more than a year prior to him filing the complaint are time-barred, as the Court applies Tennessee's one-year statute of limitations to such claims in this action. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (federal district courts apply a state's statute of limitations to Section 1983 claims); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (noting that Tennessee provides a one-year statute of limitations for Section 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting forth one-year statute of

4

limitations for Section 1983 claims). As such, these allegations also fail to state a claim upon which relief may be granted under Section 1983.

Moreover, Plaintiff's allegations regarding his signature being forged, his money being stolen, and manufactured charges against him are conclusory and do not allow the Court to plausibly infer that any named Defendant has violated his constitutional rights. *Iqbal*, 556 U.S. at 681 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under Section 1983).

Thus, the complaint fails to state a claim upon which relief may be granted under Section 1983, and the action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under Section 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

5

Case 3:21-cv-00143-KAC-HBG  Document 7  Filed 12/03/21  Page 5 of 6  PageID #: 32

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**